# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CONAGRA FOODS FOOD INGREDIENTS COMPANY, INCORPORATED,<br><br>    Plaintiff and Counterdefendant,<br><br>v.<br><br>ARCHER DANIELS MIDLAND COMPANY,<br><br>    Defendant and Counterclaimant. | Case No. 12-2171-EFM |

## MEMORANDUM AND ORDER

This matter comes before the court upon Defendant Archer-Daniels-Midland Company's Motion to Compel Discovery (ECF No. 107). Archer-Daniels-Midland Company (ADM) seeks a court order compelling Plaintiff ConAgra Foods Food Ingredients Company, Incorporated to produce information and documents that ADM contends is relevant to its inequitable conduct counterclaim and its defenses against ConAgra's patent infringement claims. Specifically, patent applications must be filed within one year of any publication, public use or sale of the claimed invention.[1] ADM argues that any publication, public disclosure or sale of the claimed flour before December 17, 2002, would invalidate ConAgra's patent infringement claims against ADM. ADM seeks a court order compelling ConAgra to respond to discovery requests aimed at gathering documents and information about these types of flours. ConAgra lodges various objections to these discovery requests but also generally states that it may have destroyed many responsive documents before litigation was contemplated pursuant to ConAgra's document retention policies.

---

[1] *See* 35 U.S.C. § 102(b).

## I. Background

ConAgra has alleged that ADM's Kansas Diamond flour infringes the claims of the patents-in-suit, which claim a whole wheat flour wherein at least about 98 percent of the particles are smaller than or equal to 212 microns and has an ash value of about 97 percent of the wheat kernel's ash value. ADM contends it has not infringed upon the patents-in-suit because significantly less than 98 percent of Kansas Diamond flour's particles are less than 212 microns, and ADM contends the patents-in-suit are invalid because ConAgra was making and publically disclosing a flour that fell within the scope of the claims of the patents-in-suit well before it had filed for patent protection. The present dispute involves discovery requests aimed at gathering information and documents about the ConAgra flours similar to that of the patents-in-suit that were publically disclosed or sold before December 17, 2002, a year before the alleged filing date of the patents-in-suit's claimed parent application.

## II. Discussion

When resolving a motion to compel, the court is guided by the following principles. Fed. R. Civ. P. 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." For good cause, the court may also order discovery of any matter relevant to the subject matter involved in the action.[2] Relevance is broadly construed at the discovery stage and a "request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[3]

---

[2] Fed. R. Civ. P. 26(b)(1).

[3] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (quoting *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999)).

There is no presumption in the Federal Rules of Civil Procedure that a discovery request seeks relevant information.[4] Relevance, however, is often apparent on the face of the request.[5] However, when relevancy is not apparent on the face of the request, the proponent of the discovery request must, at the outset, show the relevance of the requested information.[6] When a discovery request seeks facially relevant information or when the proponent of the discovery has demonstrated relevance, objecting party bears the burden to show how the discovery request is objectionable.[7]

### A. Interrogatory No. 21

This interrogatory asks ConAgra to,

> Identify each whole wheat flour that ConAgra has sold since 1998, including any identifying name under which the flour was sold, any name the flour was known as internally at ConAgra, the dates and location of the flour's production, the particle size distribution of the flour, and the ash value of the flour.[8]

Subject to certain objections, ConAgra initially responded to this interrogatory by listing certain flours by name. ConAgra later supplemented this response to include the start date of production and the locations for the production of each whole wheat flowers produced by ConAgra. The supplemental response also includes an identification of documents responsive to the particle size distribution and ash value for the flours going back until 2005.

---

[4] *Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No. 09–2656–KHV, 2010 WL 3880027, at *7 (D. Kan. Sept. 28, 2010) (citing *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05–1203–WEB, 2007 WL 608343, at *8 n.20 (D. Kan. Feb. 22, 2007)).

[5] *Id*. (citing *Thompson*, 2007 WL 608343, at *8 n.20).

[6] *Id.* at *7 (citing *Thompson*, 2007 WL 608343, at *8 n.20).

[7] *Allen v. Mill-Tel, Inc.*, 283 F.R.D. 631, 633-34 (D. Kan. 2012) ("[T]he objecting party must specifically show in its response to the motion how each discovery request is objectionable.") (citing *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004)).

[8] Archer-Daniels-Midland Company's Second Set of Interrogs. at 3, ECF No. 109-2.

Subject to the supplemental response, the objections ConAgra continues to rely upon in response to the motion to compel include: that the interrogatory is overly broad and unduly burdensome to the extent it is unlimited in scope and to the extent it seeks each and every whole wheat flour sold by ConAgra since 1998. ConAgra also objects to the extent ADM seeks to require ConAgra to provide information beyond what is reasonably available to ConAgra after a reasonable search of ConAgra's files and reasonable inquiry of ConAgra's present employees. ConAgra does not separately discuss these objections. Although overbreadth and undue burden objections may be related in some instances, the showing necessary to support one objection is not necessarily the same showing required to support another.

Certain overbreadth objections are often intertwined with relevance, in that the discovery request encompasses some information that is relevant to the claims or defenses in the case but is drafted so broadly as to include collateral information.[9] A party asserting an undue burden objection, however, must typically set forth facts justifying the objection "by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[10] This means the objecting party must show "not only undue burden or expense but that the burden or expense is unreasonable in light of the benefits to be secured from discovery."[11] This imposes an obligation "to provide sufficient detail in terms of time, money and procedure required to

---

[9] *See Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2012 WL 1183073, at *2 (D. Kan. Apr. 9, 2012).

[10] *G.D. v. Monarch Plastic Surgery*, P.A., No. 06–2184–CM, 2007 WL 201150, at *2 (D. Kan. Jan. 22, 2007) (quoting *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002)).

[11] *Heartland Surgical Specialty Hosp. v. Midwest Div.*, Inc., No. 05–2164–MLB–DWB, 2007 WL 3171768, at *2 (D. Kan. Oct. 29, 2007) (quoting *Cardenas v. Dorel Juvenile Grp.*, 232 F.R.D. 377, 380 (D. Kan. 2005)).

produce the requested documents."[12] Typically, this showing is made through an "affidavit or other evidentiary proof of the time or expense involved."[13]

In response to the motion to compel, ConAgra argues that the request is objectionable "to the extent it is unlimited in scope and to the extent it seeks 'each' and every whole wheat flour sold by ConAgra since 1998."[14] ConAgra goes on to state that ADM has not limited this interrogatory to time periods that qualify as prior art. The court agrees. ADM explains it requires this information to determine whether ConAgra was making and publically disclosing a flour that fell within the scope of the claims of the patents-in-suit well before ConAgra had filed for patent protection. According to ADM's motion, the earliest priority date ConAgra can establish is December 17, 2003, and therefore, any publication, public disclosure, or sale of the claimed flour prior to December 17, 2002, would invalidate ConAgra's claims.[15] But the interrogatory seeks information about flours sold after December 17, 2002. For this reason, ConAgra's overbreadth objection is sustained in part. The court limits the temporal scope of the interrogatory to flours that ConAgra has sold from 1998 up to December 17, 2002.

ConAgra also argues this interrogatory seeks information beyond what is presently available to ConAgra after a reasonable inquiry of ConAgra's present employees. ConAgra explains the particle size distribution and ash value for flours that were produced from 1998 through 2003 is not available to current ConAgra employees. ConAgra states the particle size

---

[12] *G.D.*, 2007 WL 201150, at *2 (quoting *Horizon Holdings*, 209 F.R.D. at 213).

[13] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 653 (D.Kan.2004) (citing *Bradley v. Val–Mejias*, No. 00–2395–GTV, 2001 WL 1249339 at *6 n.4 (D. Kan. Oct. 9, 2001)).

[14] ConAgra's Resp. to ADM's Mot. to Compel at 4, ECF No. 124.

[15] *See* Mem. in Supp. of Def. Archer-Daniels-Midland Company's Mot. to Compel Disc. at 1, ECF No. 108-1 (sealed).

distribution of flours remains relatively constant from year to year, but the ash value can vary during different crop seasons.

These statements are not sufficient to support an undue burden objection. For one, ConAgra fails to set forth an estimate of the time or expense that would be involved with fully responding to the interrogatory. From ConAgra's response brief, the court cannot even tell whether it is possible for ConAgra to fully respond. ConAgra has attached the affidavit of Brandon Headlee, the director of quality for ConAgra Foods, Inc.[16] Mr. Headlee attests that prior to 1999, ConAgra Foods and its milling operations did not have a centralized database for maintaining testing data including quality test data and certificates of analysis. The affidavit goes on to state that around 1999, the milling operations utilized a LabVantage software tool to maintain any certificates of analysis that were generated, but a certificate of analysis was only generated if a customer requested that one be generated. In the fall of 2006, LabVantage was replaced with a tool called Saphire, which presently is no longer used. The affidavit states that the LabVantage tool is no longer accessible or in existence as a database of information to ConAgra Mills. Missing from ConAgra's response brief and the court's own review of the attached affidavits is key information about what it would take in terms of time or expense for ConAgra to be able to respond to this discovery request. Without this information, the court will not sustain an undue burden objection. ConAgra separately objects to this interrogatory to the extent ADM seeks to require ConAgra to provide information beyond what is reasonably available after a reasonable search. ConAgra cites no legal authority in support of this separate objection. Indeed, it seems this objection is merely part of ConAgra's undue burden objection—that the potential benefit of discovery is outweighed by the potential burden in fully responding.

---

[16] *See* Decl. of Brandon Headlee, ECF No. 124-1.

Because ConAgra has not supported this objection by specifically detailing the time or expense involved with fully responding to this interrogatory, the court overrules its undue burden/not-reasonably-available objection.

ConAgra shall supplement its response to this interrogatory within fourteen (14) calendar days from the date of this order. As detailed above, ConAgra may limit the temporal scope of this interrogatory to flours that ConAgra has sold from 1998 up to December 17, 2002. Based on the present record, the court is without knowledge as to what additional steps ConAgra may take to locate additional responsive information. Federal Practice and Procedure provides a helpful overview of how a party complies with its discovery obligations when responding to an interrogatory:

> In answering interrogatories, a party is charged with knowledge of what its agents know, or what is in records available to it, or even, for purposes of Rule 33, information others have given it on which it intends to rely in its suit. . . . [If] a party cannot answer an interrogatory, it is entitled to so state under oath. If a party is unable to give a complete answer to an interrogatory, it should furnish any relevant information that is available. A responding party may give his or her belief or understanding if the information is not based upon personal knowledge.[17]

ADM's Interrogatory No. 21 seeks information highly relevant to ADM's defenses and counterclaims. To the extent it has not already done so, ConAgra shall conduct a thorough search to provide ADM with the information it seeks. ConAgra is cautioned that the court will not sustain future objections to discovery requests based on largely speculation that responsive information may not be readily accessible or may no longer exist as a result of ConAgra's document retention policy. While the affidavits ConAgra presents in support of its response brief detail the steps ConAgra has taken to respond to ADM's discovery request, they lack critical

---

[17] 8B Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2177 (3d ed. 2013).

information about whether ConAgra may have additional responsive information, and if so, where it is located and what it would take for ConAgra to produce it to ADM.

**B. Request Nos. 91, 92, and 103**

These requests seek documents regarding flours manufactured by ConAgra that have the same or substantially the same characteristics as the patents-in-suit. ADM argues this discovery goes to its defense that ConAgra cannot allege in good faith that a flour that has 82 percent of its particles smaller than 212 microns infringes on the patents-in-suit if ConAgra was selling this type of flour before the December 2002. In its response brief, ConAgra continues to object to these requests on the basis that they pose an undue burden and are overly broad. Subject to these objections, ConAgra has produced some responsive documents.

The court sustains ConAgra's overbreadth objection. Request Nos. 91, 92, and 103 all lack any temporal limitation. This district has previously found that an interrogatories without any temporal limitation are overly broad.[18] It seems possible that documents created after 2002 could conceivably establish prior art if the documents referenced flours that were publically disclosed prior to 2002. Nevertheless, it seems that documents created before December 2002 would be more likely to contain this type of information. The court recognizes that in many instances, judges in this district will reform requests for production that lack temporal limitation, but in this case, the requests are also overly broad on other grounds as well.

Each of these discovery requests seek "all documents concerning, referencing, or related to" the respective type of flour listed in each of the three requests. These requests for production use omnibus terms. Judges in this district have held that a discovery request may be facially

---

[18] See *Hock Foods, Inc. v. William Blair & Co.*, No. 09–2588–KHV, 2011 WL 884446, at *7 n. 61 (D. Kan. Mar. 11, 2011) (finding that a discovery request with no temporal scope was facially overly broad); *Stouder v. M & A Tech., Inc.*, No. 09–4113–JAR, 2011 WL 673763, at *4 (D. Kan. Feb. 17, 2011) (same); *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 676 (D. Kan. Aug. 15, 2003) (finding that an interrogatory with no temporal limitation was overly broad and limiting the time period).

overly broad if the omnibus term "is used with respect to a general category or broad range of documents."[19] As a guideline for evaluating the use of omnibus terms in discovery requests, judges in this district frequently refer to Magistrate Judge Gerald L. Rushfelt's statements in *Audiotext Communications v. U.S. Telecom, Inc.*:[20]

> Requests which are worded too broadly or are too all inclusive of a general topic function like a giant broom, sweeping everything in their path, useful or not. They require the respondent either to guess or move through mental gymnastics which are unreasonably time-consuming and burdensome to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request. The court does not find that reasonable discovery contemplates that kind of wasteful effort.[21]

In this case, ADM's omnibus terms pertain to large categories of information—the technical descriptions of the flours. For example, Request No. 91 seeks documents concerning, referencing, or relating to "any whole wheat flour ConAgra has manufactured wherein the particle size distribution of the flour is such that at least 82% of the particles by weight are less than or equal to 212 micrometers, including but not limited to documents pertaining to the ash value of such flour."[22] Request Nos. 92 and 103 use other technical descriptions.[23] These requests essentially require ConAgra to first determine which types of flours could meet this

---

[19] *See Johnson v. Kraft Foods of N. Am., Inc.*, 238 F.R.D. 648, 658 (D. Kan. 2006) (listing cases in this district reaching the same conclusion about omnibus terms in discovery requests).

[20] No. 94-2395-GTV, 1995 WL 18759 (D. Kan. Jan. 15, 1995).

[21] *Id.* at *1.

[22] Archer-Daniels-Midland Company's Second Set of Reqs. for Produc. and Things (Nos. 88-108) at 4, ECF No. 109-3.

[23] Request No. 92 seeks documents concerning, referencing or relating to "any whole wheat flour that ConAgra has or had manufactured wherein the particle size distribution of the flour is such that at least 82% of the particles by weight are less than or equal to 150 micrometers, including but not limited to documents pertaining to the ash value of such flour. *Id.* Request 103 seeks documents concerning, referencing, or relating to "any fine whole wheat flour ConAgra has ever manufactured that had a measured ash value of over 85% of the ash value of a whole wheat kernel." *Id.* at 7.

technical description before attempting to locate responsive documents. ConAgra would not only need to produce all documents referencing the flours, but it would also need to produce documents that—while not necessarily referencing the flours—"concern" the flours or "relate to" the flours. As presently drafted, the requests do not provide ConAgra with sufficient detail about the types of documents ADM seeks. For these reasons, ConAgra's overbreadth objections are sustained. It need not further respond to these requests. ADM, however, is free to serve more narrowly tailored document production requests aimed at gathering information relevant to the issue of prior art.

### C. Request Nos. 88, 89, 90, and 101

ADM states it cannot determine whether ConAgra has fully responded to these requests or whether ConAgra has withheld documents pertaining to the ultrafine whole wheat flour used in the United States Department of Agriculture studies and disclosed in specific scholarly articles written by Judith Hallfrisch, Ph.D, FACN, and Kay M. Behall, Ph.D. In response, ConAgra states it "has conducted a diligent and comprehensive search" and "is not withholding any additional relevant documents responsive to Request Nos. 88, 89, 90, or 91."[24] ConAgra's statement that it has not withheld any *relevant* responsive documents is somewhat confusing in that it is unclear whether ConAgra possesses responsive documents that ConAgra believes are not relevant. To the extent ConAgra has within its possession, custody, or control additional responsive documents, it shall produce them. ConAgra does not specifically reference Request No. 101, perhaps in error. To the extent it has not fully responded to this request for production, it is ordered to do so. ConAgra has failed to support any objections to these requests, and so they are overruled. ADM's motion to compel is granted as to these requests for production. If

---

[24] ConAgra's Resp. to ADM's Mot. to Compel at 9, ECF No. 124.

ConAgra has in its possession, custody, or control any additional responsive documents, it shall produce them within fourteen (14) calendar days form the date of this order.

### D. Request Nos. 95, 96, and 102

These requests seek documents concerning Canadian Pat. No. 2,141,974 ("Chigurupati I"), U.S. Patent Application 08/194,672, or any documents detailing any test results for flour produced covered by Chigurupati I or U.S. Appl. '672. ADM contends the flours subject to the respective patent and U.S. patent application contained 100 percent of particles smaller than 150 microns. ConAgra states it has performed a diligent and comprehensive search for documents. It states it has produced all documents located in its search pertaining to these requests. However, in its reply brief, ADM reiterates its request for an order compelling a further response and disputes ConAgra's assertions that it has produced all documents responsive to these request. ADM takes issue with the declaration of in-house counsel for ConAgra, which details some of the steps taken to respond to the discovery requests—including electronic searches of data. The court is unclear whether in-house counsel's declaration contains an exhaustive list of search terms or some examples of searches conducted in an attempt to locate responsive documents.

When a party responding to discovery takes the position that it has fully responded, the court usually will not compel a further response absent evidence that the responding party has improperly withheld documents.[25] ADM speculates that additional responsive documents "may be stored in archived, hard-copy records and may not be uncovered by [] mere electronic search

---

[25] *See Stouder v. M&A Tech. Inc.*, No. 09-4113-JAR, 2011 WL 768738, at *4 (D. Kan. Feb. 28, 2011) (stating that plaintiff had not come forward with any evidence from which the court could conclude defendants had withheld responsive documents); *Heartland Surgical Specialty Hosp. v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 950282, at *23 (D. Kan. Mar. 26, 2007) (denying a motion to compel as to document requests to which the responding parties stated they had fully responded).

terms."[26] ADM is free to serve discovery regarding the location of certain documents. The undersigned has also held that in some situations, it is appropriate to allow discovery on the issue of a party's efforts to locate and produce responsive documents.[27] Based on the present record, however, the court lacks any evidence from which it could conclude that ConAgra has failed to produce additional responsive documents. For this reason, ADM's motion to compel is denied as to these requests. ConAgra is reminded, however, that it must timely supplement its responses to discovery requests if it learns that its prior response is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.[28]

### E. Documents in the Custody of Glen Weaver, Sam Rao Chigurupati, and Michael Wolt

Glen Weaver, Sam Rao Chigurupati, and Michael Wolt are the named inventors of ConAgra's Chigurupati I and U.S. Appl. '672, mentioned above. ADM requests a court order compelling ConAgra to produce documents in the custody of these individuals. ADM's motion, however, does not detail the deficiencies with ConAgra's production. It merely states that these documents are highly relevant.

ConAgra contends it has conducted a comprehensive and diligent search for documents and has produced all of the responsive, non-privileged documents located in its search. ConAgra details the efforts it has taken to locate responsive documents in the possession of Mr. Weaver.

---

[26] Reply Mem. in Supp. of Def. Archer-Daniels-Midland Company's Mot. to Compel Disc. at 11, ECF No. 135 (sealed).

[27] *See Cotton v. Costco Wholesale Corp.*, No. 2013 WL 3819975, at *3 (D. Kan. July 24, 2013) (allowing discovery on the issue of defendant's efforts to locate and produce electronically stored information); *see also Ruiz-Bueno v. Scott*, No. 2:12-cv-0809, 2013 WL 6055402 (S.D. Ohio Nov. 15, 2013) (discussing discovery about discovery and granting a motion to compel responses to interrogatories seeking information about the opposing party's attempts to search for and produce electronically stored information).

[28] Fed. R. Civ. P. 26(e)(1)(A).

Mr. Chigurupati and Mr. Wolt, however, have not worked for ConAgra for approximately seven years.

Parties have a right to request documents and electronically stored information within the opposing party's possession, custody, or control.[29] "[D]ocuments are deemed to be within the possession, custody or control if the party has actual possession, custody or control or has the legal right to obtain the documents on demand."[30] "The party seeking production under Rule 34 has the burden to prove the responding party has the requisite control."[31]

ADM fails to come forward with any information suggesting that ConAgra has the legal right to obtain on demand documents in the possession of Mr. Chigurupati or Mr. Wolt, former employees. ADM also fails to provide any specific information about why it believes ConAgra has failed to fully respond to these requests. In response to the motion to compel, ConAgra's counsel has made representations concerning the nature and scope of ConAgra's efforts to locate responsive documents, as did one of ConAgra's in-house attorneys in an attached affidavit. ADM presents no information from which the court could conclude that ConAgra has withheld additional documents responsive to these requests. It appears ADM's motion is moot as to documents in the custody of Mr. Weaver. As to documents in the custody of Mr. Chigurupati or Mr. Wolt, ADM has not demonstrated that ConAgra has "control" over these documents. Its motion is denied as to documents in the custody of these individuals, if any.

### F. Conclusion

---

[29] Fed. R. Civ. P. 34(a)(1).

[30] *Noaimi v. Zaid*, 283 F.R.D. 639, 641 (D. Kan. 2012) (emphasis omitted) (quoting *Ice Corp. v. Hamilton Sundstrand, Corp.*, 245 F.R.D. 513, 516-17 (D. Kan. Aug. 22, 2007)).

[31] *Bruner-McMahon v. Cnty. of Sedgwick*, No. 10-1064-KHV-GLR, 2011 WL 3704742, at *1 (D. Kan. Aug. 23, 2011) (citing *Ice Corp.*, 245 F.R.D. at 517).

ConAgra shall supplement its response to Interrogatory No. 21 within fourteen (14) calendar days from the date of this order. As detailed above, ConAgra may limit the temporal scope of this interrogatory to flours that ConAgra has sold from 1998 up to December 17, 2002. If ConAgra has any additional documents responsive to Request Nos. 88, 89, 90, and 101, it shall produce them within fourteen (14) calendar days form the date of this order. Several times throughout its brief, ConAgra states it has produced non-privileged documents. The court is unclear whether ConAgra has withheld certain documents on the basis of attorney-client privilege or the work product doctrine, and if so, whether ConAgra has served a privilege log on ADM. If ConAgra has withheld documents on the basis of privilege, or if it does so in the future, it is reminded that it must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[32] ADM's motion is denied in all other respects. The parties shall bear their own fees and expenses incurred as a result of the briefing on this motion.[33]

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Archer-Daniels-Midland Company's Motion to Compel Discovery (ECF No. 107) is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated this 18th day of April, 2014, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[32] Fed. R. Civ. P. 26(b)(5)(A).

[33] *See* Fed. R. Civ. P. 37(a)(5)(C) (giving the court discretion whether to award fees and expenses when a motion to compel is granted in part and denied in part).