IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARDENT MILLS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-2171-EFM |
| | ) |
| ARCHER-DANIELS-MIDLAND COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

On February 2, 2015, the court granted in full Defendant Archer-Daniels-Midland Company's (ADM) motion to compel Plaintiff Ardent Mills, LLC[1] to reproduce ADM Exhibit No. 316 after Ardent Mills "clawed back" the document based on its assertion that the document was attorney-client privileged. The court also ordered Ardent Mills to show cause in writing to the undersigned why it should not be taxed with ADM's reasonable fees and expenses incurred in making its motion, including attorney fees. Because Ardent Mills' position was substantially justified and other circumstances make an award of fees and expenses unjust, the court finds that Ardent Mills should not be taxed with ADM's reasonable fees and expenses incurred in making the motion to compel.

**I.  Background**

Ardent Mills is the owner by assignment of rights, title, and interest to United States Patent Nos. 8,017,172; 8,252,360; and 8,404,298 (the patents-in-suit). These patents generally claim a whole wheat flour product with characteristics of white flour. Ardent Mills has alleged

---

[1] ConAgra Foods Food Ingredients Company, Inc. originally filed this patent infringement action. Current Plaintiff Ardent Mills, LLC was subsequently formed and substituted as the party plaintiff in this case. *See* Order, ECF No. 175). Some of the events described herein occurred while ConAgra was plaintiff, and some occurred when Ardent Mills was the party plaintiff. For simplicity, the court will refer to both entities as Ardent Mills.

that certain ADM products infringe on the patents-in-suit.[2] During discovery, Ardent Mills produced a document consisting of three photographs of notes written on a white board during a meeting that occurred in 2008. Attendees at the meeting included two in-house attorneys, members of the marketing team, a third-party marketing consultant, and others. During the meeting Ardent Mills' in-house counsel provided legal advice about the scope of the patents and how that could be used in communicating with customers.

During a deposition, ADM's counsel presented the deponent with the document labeled Exhibit No. 316. Ardent Mills' counsel stopped the deposition to determine whether Exhibit No. 316 was privileged. When the deposition resumed, counsel stated that after conferring with the deponent, counsel had concluded the document was privileged, and he needed to claw it back under the terms of the Protective Order.

Ardent Mills has continued to assert attorney-client privilege with regards to the document. On November 11, 2014, ADM filed a motion to compel Ardent Mills to reproduce the document.[3] The court granted ADM's motion, finding that while Ardent Mills had shown that privileged communications had taken place during the 2008 meeting, Ardent Mills had not demonstrated that the attorney-client privilege attached to the document.[4]

## II.     Expenses under Fed. R. Civ. P. 37(a)(5)

The Federal Rules of Civil Procedure provide that when a motion to compel is granted in full, the court must generally require the party whose conduct necessitated the motion to "pay the

---

[2] Third Am. Compl., ECF No. 176.

[3] Defendant Archer-Daniels-Midland Company's Mot. to Compel Produc. of Dep. Ex. No. 316, ECF No. 229.

[4] Sealed Mem. and Order, ECF No. 263.

movant's reasonable expenses incurred in making the motion, including attorney's fees."[5] But the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified[,] or other circumstances make an award of expenses unjust."[6] Here, Ardent Mills argues that its objection was substantially justified and other circumstances exist that would make an award of expenses unjust.

### A. Substantial Justification

This district has generally held that a party's position with respect to an objection or response is "substantially justified" within the meaning of Rule 37 if it is "justified to a degree that could satisfy a reasonable person"[7] or if "reasonable people could differ as to the appropriateness" of the objection or response.[8] This court has clarified that "substantial justification does not require a high degree of justification."[9] Additionally, the court must consider on a case-by-case basis whether the party's position or objection was substantially justified and whether certain circumstances may make the imposition of sanctions appropriate.[10]

At issue here is whether Ardent Mills was substantially justified under Rule 37(a)(5)(A)(ii) when it "clawed back"—and continued to withhold—ADM Exhibit No. 316 on the grounds that the document was attorney-client privileged. The court finds that Ardent Mills' objection was substantially justified.

---

[5] Fed. R. Civ. P. 37(a)(5)(A).

[6] *Id.* (ii) and (iii).

[7] *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2011 WL 4008009, at *1 (D. Kan. Sep. 9, 2011) (quoting *Anderson v. United Parcel Serv., Inc.*, Civ. A. No. 09-2526-KHV-DJW, 2010 WL 4822564, at *12 (D. Kan. Nov. 22, 2010).

[8] *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

[9] *Linnebur v. United Telephone Ass'n*, No.10-1379-RDR, 2012 WL 1183073, at *1 (D. Kan. April 9, 2012).

[10] *High Point SARL*, 2011 WL 4008009, at *1.

First, Ardent Mills was substantially justified when it clawed back the exhibit. Ardent Mills argues that counsel "had to make an on-the-spot judgment call" regarding whether the document was attorney-client privileged.[11] Ardent Mills asserts that the exhibit contained information from in-house counsel regarding ConAgra's patents. The court ultimately determined that the exhibit did not contain privileged information.[12] However, because the exhibit at issue was created during a meeting where Ardent Mills' attorneys disseminated legal advice, the court determines that Ardent Mills' "on-the-spot" decision to claw back the exhibit was substantially justified.

Second, Ardent Mills was also substantially justified when it continued to withhold the exhibit. Ardent Mills argues that its "position was grounded on sound law and fact such that a reasonable person could determine that Ardent Mills' objection was the appropriate response."[13] In particular, Ardent Mills argues that reasonable people could differ as to whether the disputed exhibit was privileged. To support this argument, Ardent Mills cites a number of cases that highlight the "grey area between an attorney providing business advice and legal advice."[14] The court agrees with Ardent Mills' assertion that in patent cases, legal advice and business advice

---

[11] Ardent Mills' Written Cause Why it Should Not be Taxed With ADM's Fees and Expenses Related to its Assertion of Privilege for Ex. 316, at 3, ECF No. 267.

[12] Sealed Mem. and Order, ECF No. 263.

[13] Ardent Mills' Written Cause Why it Should Not be Taxed With ADM's Fees and Expenses Related to its Assertion of Privilege for Ex. 316, at 4, ECF No. 267.

[14] *Id.* (citing *High Point SARL v. Sprint Nextel Corp.*, Civil Action No. 09-2269-CM-DJW, 2012 WL 234024 (D. Kan. Jan. 25, 2012); *Hercules, Inc. v. Exxon Corp.*, 434 F. Supp. 136 (D. Del. 1977); *W. Res., Inc. v. Union Pac. R.R. Co.*, No. 00-2043-CM, 2002 WL 181494 (D. Kan. Jan. 31, 2002)).

are often inextricably interwoven, making it difficult to distinguish between privileged and non-privileged information.[15]

The court in *Hercules, Inc. v. Exxon Corp.* described the multiple roles a corporate patent attorney serves and the inherent difficulty with making a distinction between legal advice and business advice.

> Patent attorneys, particularly those employed in corporate patent departments, often serve dual functions as legal advisers and as business advisers. Communications between those attorneys and members of operating or research departments often concern technical information which may or may not be relevant to particular legal advice requested from the attorney.[16]

> An important responsibility of most patent attorneys, especially those employed by corporate patent departments, is to assess the business implications of the company's patent position. Many of the communications between the patent attorney and non-legal personnel of the corporation would therefore predominately reflect business concerns, such as the competitive position of the company, marketing strategy, licensing policy, etc. The Court recognizes that business and legal advice may often be inextricably interwoven. A single proposed course of conduct such as patenting and licensing of an invention will have both legal and business ramifications, and the lawyer may advise as to both in a single communication.[17]

Although this court ultimately determined that ADM Exhibit No. 316 was not attorney-client privileged,[18] Ardent Mills' decision to withhold the document based on attorney-client privilege was substantially justified given the surrounding circumstances. The document in question was the product of a business meeting in which two in-house attorneys were present. This court acknowledged that the declaration of one of the attorneys "establishes that certain

---

[15] *See High Point SARL*, 2012 WL 234024, at *12 (D. Kan. Jan. 25, 2012) ("[d]istinguishing between what communications are made to obtain legal advice—as opposed to business advice—can be particularly difficult in patent cases.").

[16] *Hercules, Inc.*, 434 F. Supp. 136 at 143.

[17] *Id.* at 147.

[18] Sealed Mem. and Order, ECF No. 263.

privileged communications took place" during the meeting where the document was created.[19] Additionally, the case law supports the proposition that it can often be difficult to distinguish whether a patent attorney offered legal advice, business advice, or both. As a result, Ardent Mills' decision to withhold the document was justified to a degree that would satisfy a reasonable person. Accordingly, the court finds that Ardent Mills' objection was substantially justified.

### B.  Whether Other Circumstances Make an Award of Expenses and Fees Unjust

In addition to arguing its objection was substantially justified, Ardent Mills also argues that other circumstances make an award of expenses and fees unjust. Ardent Mills primarily relies on the fact that it has filed two motions to compel.[20] In the first, ADM capitulated after Ardent Mills filed its motion, rendering Ardent Mills' motion moot.[21] In the second, Ardent Mills moved to compel samples of ADM's accused product at intermediate stages of production, and the court granted the motion in part.[22] On both occasions, the court did not award Ardent Mills its reasonable fees and expenses.[23]

The court finds that the procedural history of this particular case would tend to make an award of fees and expenses unjust in the current dispute. This is a complex patent case, characterized by extensive motion practice. Throughout discovery, neither party has made frivolous objections or withheld discovery in bad faith. The parties have cumulatively filed four

---

[19] *Id.* at 9.

[20] *See* ConAgra's Mot. to Compel Discovery From Def. ADM, ECF No. 41; Ardent Mills' Motion to Compel Discovery, ECF No. 184.

[21] *See* Order, Dec. 6, 2012, ECF No. 53.

[22] *See* Mem. and Order, Dec. 17, 2014, ECF No. 246.

[23] *See id.*; Order, Dec. 6, 2012, ECF No. 53.

separate motions to compel.[24] Although the court has compelled both parties to produce discovery responses, the court has never awarded Rule 37 expenses, in large part due to the fact that both parties' objections to discovery had a strong basis in law and fact. Because Ardent Mills' current objection to discovery was similarly supported by sound law and fact, the court will not award expenses and fees for ADM's most recent motion to compel.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Ardent Mills is not required to pay ADM's reasonable expenses under Fed. R. Civ. P. 37(a)(5)(A) based upon the court's finding that Ardent Mills' discovery objection was substantially justified and other circumstances make an award of fees and expenses unjust.

**IT IS SO ORDERED.**

Dated this 18th day of March, 2015, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[24] *See* ConAgra's Mot. to Compel Discovery From Def. ADM, ECF No. 41; Def. Archer-Daniel-Midland Company's Mot. to Compel Discovery, ECF No. 107; Ardent Mills' Mot. to Compel Discovery, ECF No. 184; Def. Archer-Daniels-Midland Company's Mot. to Compel Produc. of Dep. Ex. No. 316, ECF No. 229.